**FILED**

April 21, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ TB _____

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

Case No. **DR-26-CV-00033**

| | |
|---|---|
| **Plaintiff:** | LUIS ALFONSO RUIZ (on behalf of himself and all others similarly situated) |
| | **v.** |
| **Defendants:** | RAMSEY ENGLISH CANTU (County Judge); YOLANDA RAMON, ROXY RIOS, OLGA RAMOS, ROBERTO RUIZ; and JOHN/JANE DOES 1-10 |

**PLAINTIFF'S ORIGINAL COMPLAINT,
REQUEST FOR TEMPORARY RESTRAINING ORDER,
AND PRELIMINARY AND PERMANENT INJUNCTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff LUIS ALFONSO RUIZ, complaining of Defendants RAMSEY ENGLISH CANTU, YOLANDA RAMON, ROXY RIOS, OLGA RAMOS, and ROBERTO RUIZ, and for cause of action would respectfully show the Court as follows:

**I. INTRODUCTION**

1. This is a civil rights action brought by Plaintiff Luis Alfonso Ruiz, a citizen of Maverick County, Texas, individually and on behalf of all similarly situated Maverick County citizens, for equitable and other relief under the United States Constitution, the Texas Constitution, 42 U.S.C. §§ 1983, 1985(3); Article 3, Section 52(a) and Article XI, Section 7 of the Texas Constitution; the Texas Open Meetings Act (Tex. Gov't Code Ch. 551); and other applicable laws. This action arises out of Defendants'

willful violations of this Court's Temporary Injunction entered in Diaz v. Cantu, No. 2:23-cv-00060 (W.D. Tex. 2023), affirmed by the Fifth Circuit in No. 24-50088, through an ongoing scheme to circumvent Texas Constitution voter approval requirements, strip assets from the distressed Maverick County Housing Finance Corporation (HFC) while it faces bankruptcy, and award illegal benefits to private developers through unconstitutional Memoranda of Understanding.

1A. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, as this case involves violations of the United States Constitution and federal civil rights statutes, specifically 42 U.S.C. §§ 1983 and 1985(3). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in the Del Rio Division of the Western District of Texas under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Maverick County, Texas, which is within this division.

2. Defendants Ramsey English Cantu, Yolanda Ramon, Roxy Rios, Olga Ramos, and Roberto Ruiz comprise the current Maverick County Commissioners Court—the governing body with final authority over all county expenditures. Defendants, acting under color of state law, willfully violated this Court's Temporary Injunction by authorizing or approving:

(a) an unconstitutional Memorandum of Understanding with a private company in violation of the Texas Constitution's Gift Clause; and

(b) a $1.5 million transfer from the HFC to the County under false pretenses, while the HFC is failing to file critical briefs in pending appellate litigation and faces imminent collapse.

2A. Prior to filing this action, Plaintiff and Enriqueta Diaz (*Diaz v Cantu*), sought emergency injunctive relief in the 365th Judicial District Court of Maverick County, Texas (Case Nos.

26-04-45515-MCVAJA and 26-04-45491-MCVAJA). The presiding state court judge refused to act on these petitions, denying citizens access to emergency relief. This refusal—motivated by either personal interest in the outcome or ignorance of the gravity of the ongoing constitutional violations—necessitates this federal action to prevent irreparable harm.

3. Defendants' actions on April 20, 2026, threaten imminent, irreparable harm to public assets and constitutional governance. By transferring $1.5 million from the HFC to the County while the HFC remains a party to critical appellate litigation, Defendants strip the only public entity capable of defending the County's legal position—just as the HFC's failure to file briefs in 02-25-00475-CV risks dismissal of that appeal and extinguishes the County's ability to challenge unconstitutional statutory amendments. By entering into the Puerto Verde MOU—a purported agreement with a private developer without competitive bidding, without voter approval, and without constitutional authority—Defendants perpetrate an artifice to distribute certificates of obligation to private actors while circumventing the Texas Constitution's stringent Gift Clause and voter approval requirements.

3A. Defendants' actions violate Article 3, Section 52(a) of the Texas Constitution (the "Gift Clause"), which prohibits the state or any political subdivision from lending its credit or granting public money to private corporations. They further violate Article XI, Section 7 of the Texas Constitution, which requires voter approval for any debt issue. The MOU with Puerto Verde Global Trade Bridge constitutes an unconstitutional gift of public credit, while the transfer of $1.5 million from the HFC improperly strips assets from an entity facing bankruptcy.

4. Plaintiff Luis Alfonso Ruiz, an individual citizen and taxpayer of Maverick County, brings this action to enforce:

(a) the Court's Temporary Injunction in Diaz;

(b) the Texas Constitution;

(c) the Texas Open Meetings Act; and

(d) the federal civil rights statutes prohibiting conspiracy to deprive citizens of constitutional rights.

This matter warrants emergency injunctive relief because the HFC faces imminent bankruptcy on January 1, 2027, under House Bill 21, and every day the February 10, 2025 Order (as affirmed by the Fifth Circuit) is violated, the County inches closer to rendering its Housing Finance Corporation insolvent.

4A. The county meeting took place on April 20, 2026. The HFC faces imminent dismissal from its most critical appellate case (No. 02-25-00475-CV) for failure to file briefs. Under House Bill 21, all HFC properties outside Maverick County will lose tax-exempt status on January 1, 2027, which will bankrupt the entity. The $1.5 million transfer now effectively strips the only public asset capable of defending the County's legal position. Immediate injunctive relief is necessary to prevent the loss of public assets, the unconstitutional gift of public credit, and an imminent violation of this Court's Temporary Injunction in Diaz.

## II. PARTIES & FACTUAL BACKGROUND

5. This is not the first time Defendants have been before this Court for similar allegations. In *Diaz v. Cantu*, No. 2:23-cv-00060, this Court entered a Temporary Injunction on February 10, 2025, against these same county officials. That injunction was subsequently affirmed by the United States Court of Appeals for the Fifth Circuit in Case No. 24-50088.

5A. The Fifth Circuit's opinion in Case No. 24-50088 details the background of the underlying litigation and Defendants' prior unconstitutional conduct. Proposed minutes of the

Maverick County Commissioners Court meetings relevant to this action are publicly available and incorporated herein by reference.

6. The Maverick County Housing Finance Corporation (HFC) is a public, non-profit corporation created by the Maverick County Commissioners Court. Its ordinary course of business involves issuing tax-exempt bonds to fund affordable housing projects. The "debt certificates" at the heart of this and the prior litigation are certificates of obligation—a form of public debt that, under the Texas Constitution, requires voter approval unless specific exceptions apply.

7. Defendants have engaged in a conspiracy to circumvent the voter approval requirements of the Texas Constitution. Their latest artifice involves entering into a Memorandum of Understanding (MOU) with a private entity, Puerto Verde Global Trade Bridge, as a pretext to unlawfully funnel public funds and credit to a private development project.

8. The Temporary Injunction in *Diaz* expressly prohibits Defendants from issuing certificates of obligation without voter approval. Defendants' vote on April 20, 2026, to approve Agenda Item #57—authorizing the transfer of $1.5 million from the HFC to the County—is a direct violation of that injunction. The transfer strips the HFC of its operational assets, rendering it unable to meet its legal and fiduciary obligations, and is a clear attempt to intercept and misuse HFC assets for purposes not approved by voters.

9. The threat of House Bill 21 (HB 21) is existential. Effective January 1, 2027, HB 21 will strip the HFC of the tax-exempt status of its properties outside Maverick County, which constitute the vast majority of its assets. This will trigger defaults and bankrupt the HFC. The $1.5 million transfer accelerates this collapse by removing funds necessary for the HFC's legal defense and orderly wind-down.

10. The approval of Agenda Item #49—the MOU with Puerto Verde Global Trade Bridge—is a further violation of the *Diaz* injunction and the Texas Constitution. It represents an unconstitutional gift of public credit and resources to a private entity without voter approval, in direct contravention of the Gift Clause.

11. Defendants have manipulated the Texas Open Meetings Act to their advantage, posting vague agenda items and attempting to ratify illegal actions after the fact, all in an effort to avoid transparency and judicial review, including the issuance of a Temporary Restraining Order.

12. The Injunction in *Diaz* specifically prohibits Defendants from "issuing certificates of obligation without voter approval for the construction of roads and bridges and any other projects which are not for the purpose of paying contractual obligations for the construction of public works."

13. In 2023, Enriqueta Diaz and other Maverick County citizens discovered that Defendants were trying to use the Texas Water Development Board grants as a ruse to issue millions of dollars in certificates of obligation without the voter approval required by the Texas Constitution. This scheme was designed to fund projects that the public had not, and likely would not, approve. Including the very citizens that it was purported to help.

13A. As further evidence of the need for federal intervention, citizens sought emergency relief from the 365th Judicial District Court in Maverick County regarding Defendants' actions in Case Nos. 26-04-45515-MCVAJA and 26-04-45491-MCVAJA. The state court judge refused to act on these petitions for a TRO and Permanent Injunction, leaving citizens with no state-level remedy to halt these ongoing constitutional violations.

14. Defendants, in their official capacities, have violated their legal duties under the Texas Constitution and their fiduciary duties to the citizens of Maverick County by authorizing these illegal expenditures and agreements.

15. The *Diaz* court already found that Defendants' actions cause imminent, irreparable harm by depriving citizens of their constitutional right to vote on public debt and by causing the potential loss of architectural control over county development. These same harms are being inflicted by Defendants' current actions.

16. Defendants possess the final authority to approve all county expenditures and contracts. Their actions, taken under color of state law, represent an official policy of Maverick County to circumvent state and federal law, thereby breaching their fiduciary duties to the public.

17. Notice of the public meeting on April 20, 2026, where the illegal actions were taken, was published in local newspapers of record, placing all parties on notice of the actions giving rise to this complaint.

## III. CAUSES OF ACTION

**First Cause of Action – 42 U.S.C. § 1983 (Continuing Violation of this Court's Injunction in *Diaz v. Cantu*)**

18. Plaintiff incorporates the preceding paragraphs. Defendants, acting under color of state law, have deprived and continue to deprive Plaintiff and all similarly situated citizens of their rights secured by the U.S. Constitution, federal law, and this Court's lawful orders. Their actions in furtherance of the HFC asset transfer and the Puerto Verde MOU directly violate the plain terms of the Temporary Injunction in *Diaz v. Cantu*, No. 2:23-cv-00060, constituting a direct affront to this Court's authority and a continuing violation of federal law.

**Second Cause of Action – 42 U.S.C. § 1985(3) (Conspiracy to Deprive Citizens of Constitutional and Statutory Rights)**

19. Plaintiff incorporates the preceding paragraphs. Defendants have conspired for the purpose of depriving Plaintiff and other Maverick County citizens of their constitutional right to vote on the issuance of public debt as guaranteed by the Texas Constitution. Defendants' coordinated actions, including the passage of Agenda Items #49 and #57, demonstrate a meeting of the minds to achieve an unlawful end by unlawful means, causing injury to Plaintiff and the public.

**Third Cause of Action – First Amendment and Due Process Violations (Retaliatory Conduct and Prior Restraint)**

20. Plaintiff incorporates the preceding paragraphs. Defendants' actions are designed to retaliate against citizens like Plaintiff for previously exercising their First Amendment rights to petition the government and the courts for redress in the *Diaz* case. By stripping assets from the HFC and entering into secret agreements, Defendants seek to punish dissent and prevent future public oversight, creating a chilling effect on speech and constituting an unlawful prior restraint on public participation.

**Fourth Cause of Action – Civil Contempt and Enforcement**

21. Plaintiff incorporates the preceding paragraphs. Defendants had actual notice of this Court's Temporary Injunction. The Injunction is a lawful, valid, and unambiguous order. Defendants, through their votes on April 20, 2026, willfully and intentionally disobeyed that order. Their contemptuous conduct has impeded justice and caused direct harm to the Plaintiff and the citizens of Maverick County. Plaintiff requests that the Court hold Defendants in civil contempt and impose coercive sanctions to compel compliance.

**IV. PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff for:

1. A Temporary Restraining Order and Preliminary Injunction enjoining Defendants, their agents, and all persons acting in concert with them from taking any action in furtherance of Agenda Items #49 and #57, including the transfer of any funds from the HFC or the execution of any agreements related to the Puerto Verde MOU.

2. A declaration that Agenda Items #49 and #57, as passed by the Commissioners Court, are void *ab initio*.

3. A finding that Defendants are in civil contempt of this Court's February 10, 2025 Temporary Injunction.

4. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

5. Nominal damages for the constitutional violations.

6. An order retaining jurisdiction to ensure compliance.

7. A trial by jury on all issues so triable.

8. Such other and further relief as the Court may deem just and proper.

9. Wherefore, in light of the fact that Defendants are facing political retirement or loss at the polls, Plaintiffs further request that the Court find THE INDIVIDUAL DEFENDANTS personally and individually responsible for any fiduciary fallout, debt, or financial liability resulting from their unlawful acts described herein, ensuring that such responsibility extends to the individual officials responsible for any debt incurred in violation of this Court's injunction and the Texas Constitution.

## V. JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: April 21, 2026

Respectfully submitted,

LUIS ALFONSO RUIZ, *Plaintiff, Pro Se*
1610 Buckley Ave
Eagle Pass, TX 78852
830-968-3966
crezbon79@gmail.com

---

## VERIFICATION

I declare under penalty of perjury pursuant to

28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on April 21, 2026 at Eagle Pass, Texas.

LUIS ALFONSO RUIZ